

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00395-CV

**PACK ENTERPRISES, LLC**, d/b/a Bosque Construction,
Appellant

v.

Lance **HAMPEL**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 24-17881
Honorable Albert D. Pattillo, III, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Velia J. Meza, Justice

Delivered and Filed: October 8, 2025

DISMISSED FOR WANT OF JURISDICTION

On June 10, 2025, appellant filed its notice of appeal seeking to appeal the trial court's Modified Order on Plaintiff's Amended Summary Motion to Remove Invalid Lien and Impose Statutory Penalties for Fraudulent Filing, as well as a Summary Judgment Order entered February 12, 2025. On July 18, 2025, the clerk's record was filed which contained orders contradicting the trial court's Summary Judgment Order.

Specifically, the trial court's Summary Judgment Order, signed and entered on February 12, 2025, declared that "[t]he [c]ourt hereby RENDERS judgment for Plaintiff Lance Hampel, that Defendant Pack Enterprises, LLC take nothing on its counterclaims." The Summary Judgment Order also expressed that it "finally dispos[ed] of all claims and all parties and is appealable." On the other hand, the trial court's Order on Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims, which was also signed and entered on February 12, 2025, stated that "[t]he [c]ourt, having considered Defendant's objections to summary judgment evidence, the pleadings, and official records on file in this cause, and after hearing the arguments of counsel, hereby DENIED Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims."

Because of this, it appeared that the trial court's February 12, 2025, orders were either (1) a final judgment, rendering appellant's notice of appeal untimely, or (2) interlocutory and not appealable. Consequently, on July 24, 2025, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c)

On August 22, 2025, appellant filed a letter with this court stating that the appealed orders were interlocutory and requested that this court dismiss its appeal. On August 25, 2025, appellee replied to appellant's letter agreeing that the appeal should be dismissed. However, appellee contends that this appeal should be dismissed for want of jurisdiction since the appealed orders were final, rather than interlocutory, and appellant's notice of appeal was out of time. We agree with appellee only to the extent that appellant's notice of appeal was untimely.

We do not consider whether the February 12, 2025, orders are interlocutory orders or a final judgment. We lack jurisdiction over this appeal since appellant's notice of appeal—which was filed 118 days after the orders were signed and entered—was out of time. *See* TEX. R. APP. P. 26.1(a)(2), (b); 26.3.

Accordingly, this appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a)


PER CURIAM